UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- x
:
UNITED STATES OF AMERICA
:     PRELIMINARY ORDER OF
    - v. -                                         FORFEITURE AS TO SPECIFIC
:     PROPERTY/
EDWIN GUERRIER,                        MONEY JUDGMENT
  a/k/a "Eddy F",                    :
                                                     S4 18 Cr. 284 (JSR)
            Defendant.                  :
------------------------------------- x

        WHEREAS, on or about January 14, 2020, EDWIN GUERRIER a/k/a "Eddy F," (the "Defendant"), among others, was charged in a one-count Superseding Indictment, S4 18 Cr. 284 (JSR) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

        WHEREAS, on or about March 22, 2018, the Government seized the following property:

        (i)        $16,298.00 in U.S. Currency seized of which $15,000.00 located in various locations Guerrier at 1113 Maggie Rd. Newburgh, NY and $1,298.00 of which was seized from Edwin Guerrier ;

        (ii)       2008 Mercedes Benz R 350, VIN 4JGCB65E18A076150;

        (iii)      $80,130.00 U.S. Currency seized from a 2016 Toyota Camry VIN: 4T1BF1FK7GU204637;

    (iv)    2011 Mercedes Benz Sports Utility Vehicle bearing New York License plate number: GFS3670 and Vin Number: WDCGG8HBXBF530100 (the "Specific Property")

(i through iii, collectively, the "Seized Property")

WHEREAS, on or about January 30, 2019 a Declaration of Administrative Forfeiture was entered administratively forfeiting the Seized Property to the Government;

WHEREAS, on or about January 24, 2020, the Defendant pled guilty to Count One of the Indictment and admitted the forfeiture allegation with respect to Count One of the Indictment;

WHEREAS, the Government asserts that $450,000 in United States currency represents property constituting, or derived from proceeds traceable to the commission of the offense charged in Count One of the Indictment that the Defendant personally obtained;

WHEREAS, the Government seeks a money judgment in the amount of $450,000 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained of which the Defendant is jointly and severally liable with co-defendants FERNANDO FERRER, EUGENE JOHNSON, TORREN STUBBS, MAURICE MURPHY, and TAMIKA SWEAT, to the extent forfeiture money judgments are entered against FERRER, JOHNSON, STUBBS, MURPHY, and SWEAT, in this case;

WHEREAS, the Government further seeks the forfeiture of all Defendant's right, title and interest in the Specific Property which constitutes property used or intended to be used to facilitate the offense charged in Count One of the Indictment; and

WHEREAS, the Court finds that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence, with the exception of the Seized Property and Specific Property;

NOW IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $450,000 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant of which the Defendant is jointly and severally liable with co-defendants FERNANDO FERRER, EUGENE JOHNSON, TORREN STUBBS, MAURICE MURPHY, and TAMIKA SWEAT, to the extent forfeiture money judgments are entered against FERRER, JOHNSON, STUBBS, MURPHY, and SWEAT in this case.

2. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant, EDWIN GUERRIER, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the United States under a Final Order of Forfeiture, in addition to the Seized Property, shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the defendant up to the uncollected amount of the Money Judgment.

12. If otherwise authorized by law, the Government may seek forfeiture of the defendant's current assets, whether now known to the Government or later discovered, at any time. The Government may not seek forfeiture of the defendant's future income (or assets acquired therewith) until the second month following his release. Thereafter, if otherwise authorized by law, the Government may seek forfeiture of such assets not to exceed 15% of the defendant's gross monthly income.

13. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

14. The Court shall retain jurisdiction to enforce this Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

15. The Clerk of the Court shall forward three certified copies of this Preliminary Order of Forfeiture as to Specific Property/Money Judgment to Assistant United States Attorney Alexander J. Wilson, Co-Chief of the Money Laundering and Transnational Criminal Enterprises Unit, United States Attorney's Office, One St. Andrew's Plaza, New York, New York 10007.

SO ORDERED:

_____
HONORABLE JED S. RAKOFF
UNITED STATES DISTRICT JUDGE

9/30/20
DATE