```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/27/2022
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EDWIN GUERRIER,                                   :
                                                  :
              Petitioner,                         :         **ORDER**
                                                  :
       -v.-                                       :         22-CV-4124 (JSR) (JLC)
                                                  :         18-CR-284 (JSR)
UNITED STATES OF AMERICA,                         :
                                                  :
              Respondent.                         :
------------------------------------------------------------X

**JAMES L. COTT, United States Magistrate Judge.**

Petitioner Edwin Guerrier has written the Court an undated letter received on July 27, 2022. (Dkt. Nos. 6 (in the civil docket) and 243 (in the criminal docket)). In his letter, he seeks the appointment of counsel to "complete [his] 2255 Motion" that is pending before the Court. He reports that he has attempted to retain an attorney, and that two attorneys had agreed to represent him, but he has not been able to finalize the representation. He seeks appointment of counsel now because he is concerned that the deadline for his amended petition is due soon. In fact, pursuant to the Court's order dated June 1, 2022 (Dkt. No. 242), his amended petition is currently due by August 1, 2022.

Prisoners do not have a constitutional right to the assistance of counsel in connection with petitions for post-conviction relief. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). District Courts are under no obligation "to appoint counsel for prisoners who indicate, without more, that they wish to seek post-conviction relief." *Johnson v. Avery*, 393 U.S. 483, 488 (1969). Instead, "the initial burden of

1

presenting a claim to post-conviction relief usually rests upon the indigent prisoner himself with such help as he can obtain within the prison walls or the prison system." *Id.*

District Courts do, however, have discretion to appoint counsel for financially eligible section 2255 petitioners when "the interests of justice so require." *United States v. Minaya*, No. 11-CR-755 (JFK), 2022 WL 594150, at *2 (S.D.N.Y. Feb. 28, 2022) (citing 18 U.S.C. § 3006(A)(2)). In determining whether the "interests of justice" require the appointment of counsel, courts first consider "whether the indigent's position seems likely to be of substance." *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) (internal quotation marks and citation omitted). In making such a determination, the Court must decide whether "the claims asserted by the plaintiff may have merit, or the plaintiff appears to have some chance of success." *Ferrer v. Artus*, No. 04-CV-5063 (RMB) (DF), 2005 WL 1653878, at *1 (S.D.N.Y. July 12, 2005) (internal quotation marks and citations omitted).

> If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1985).

At the present time, the Court is unaware of the nature and substance of Guerrier's claims. Indeed, the reason the Court has ordered that Guerrier amend

2

his petition is that he has not provided sufficient information about his claims for the Court to be able to adjudicate them.[1] Without more information regarding his claims, the Court is unable to evaluate the merits of his petition. Accordingly, Guerrier's application for the appointment of counsel is denied without prejudice. Guerrier may file a new application for the appointment of counsel after he has filed his amended petition. Given the impending deadline to file the amended petition, the Court will on its own motion extend Guerrier's time to file his amended petition by 30 days, until **September 1, 2022**, with the hope that he is able to retain an attorney in the interim. But if he is not able to do so, then he must file his amended petition *pro se* by this new deadline. Failure to do so may result in the dismissal of his petition.

    **SO ORDERED.**

Dated: New York, New York
       July 27, 2022

_____
JAMES L. COTT
United States Magistrate Judge

---

[1] As noted in the Court's Order to Amend, the motion does not allege any facts supporting Guerrier's grounds for relief. For example, where the form asks Guerrier to state facts in support of his first ground for relief, he simply writes: "Sufficiency of Evidence." *Id.* at 4. Furthermore, when asked to state facts in support of his second ground for relief, Guerrier writes: "Eig[h]th Amendment Claim." *Id.* at 5. Finally, Guerrier leaves blank the question on the form asking him to state the relief he is seeking from the Court. *Id.* at 13.