UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>-against-<br><br>EDWIN GUERRIER,<br><br>Defendant. | 18-cr-284-01 (JSR)<br><br>ORDER |

JED S. RAKOFF, U.S.D.J.:

Defendant Edwin Guerrier, age fifty, is serving a sentence of 156 months of imprisonment, to be followed by five years of supervised release, after pleading guilty to one count of conspiring to distribute and possessing with intent to distribute cocaine. Before the Court is Mr. Guerrier's motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, the Court denies the motion.

I.  Background

In January 2020, Mr. Guerrier pleaded guilty to one count of conspiring to distribute and possessing with intent to distribute cocaine. He was then sentenced to 156 months of imprisonment and five years of supervised release. See ECF No. 225. His projected release date is May 29, 2028.

In November 2020, Mr. Guerrier began experiencing pain in his right hip. He was then transferred from Orange County Jail to FCI Otisville for medical treatment, where he was diagnosed with osteoarthritis. Mr. Guerrier's medical records indicate that he

1

now suffers from end stage osteoarthritis, bone spurring, bone sclerosis, subchondral cyst, periumbilical hernia, bursitis or calcific tendonitis, sleep apnea, and hypertension.

II. Discussion

A district court may reduce a prison sentence if (1) the defendant has exhausted all administrative remedies, (2) extraordinary and compelling circumstances warrant a reduction, and (3) the reduction is consistent with the section 3553(a) factors. See 18 U.S.C. § 3582(c)(1); see also United States v. Garcia, 505 F.Supp.3d 328, 330-31 (S.D.N.Y. 2020) (outlining the requirements for a sentencing reduction). District courts have discretion to determine what qualifies as an extraordinary and compelling circumstance warranting a sentence reduction. See U.S. v. Booker, 976 F.3d 228, 236 (2d Cir. 2020).

At the outset, the parties dispute whether Mr. Guerrier has exhausted his administrative remedies. Mr. Guerrier did not discuss this issue in his opening brief, but argued in his reply brief that the exhaustion requirement can and should be waived in his case. Then, in a supplemental reply brief, Mr. Guerrier stated he had "fully exhausted the required administrative process." ECF No. 275 at 1. In its own supplemental reply brief, the Government argued that Mr. Guerrier's bare assertion was insufficient to satisfy the exhaustion requirement, and that even if such an assertion were sufficient Mr. Guerrier nevertheless failed to

2

demonstrate that he had exhausted his administrative remedies because he never indicated that he appealed the Warden's denial of his initial request. Under these circumstances, the Court is uncertain whether Mr. Guerrier satisfied the exhaustion requirement. However, the Court need not decide the exhaustion issue because Mr. Guerrier's motion is futile in any event. See United States v. Haney, 454 F. Supp. 3d 316, 320 (S.D.N.Y. 2020).

Specifically, even assuming (without deciding) that Mr. Guerrier has exhausted his administrative remedies, the Court concludes that he has not put forth an extraordinary and compelling circumstance warranting a reduction. Mr. Guerrier argues that his deteriorating medical conditions create an extraordinary and compelling circumstance because the Bureau of Prisons ("BOP") has failed to provide him with adequate care. Specifically, Mr. Guerrier argues that he has not received certain recommended treatments, including physical therapy, regular corticosteroid shots, and a hip replacement. The Government counters that Mr. Guerrier has not met the high threshold for extraordinary and compelling circumstance because he has been receiving adequate care for his medical conditions.

After careful consideration, the Court concludes that Mr. Guerrier's medical conditions do not rise to the level of extraordinary and compelling circumstances. The Sentencing Guidelines provide that medical circumstances can constitute

3

extraordinary and compelling circumstances, but only when a defendant's condition "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(B)(1)(b). Mr. Guerrier has not alleged any substantial decrease in his ability to care for himself beyond "substantial pain and decreased mobility." Defendant's Brief at 3, 4.

Further, while Mr. Guerrier may not have received all of the treatments recommended to him, the BOP has taken meaningful steps to treat his conditions. See U.S. v. Saleh, No. 93-cr-181, 2020 WL 3839626, at *5 (July 20, 2020) (denying a sentence reduction where a defendant received "adequate care for his current medical conditions"). Mr. Guerrier was transferred to FCI Otisville to receive medical treatment and he has since received multiple pain remedies including acetaminophen, ibuprofen, and corticosteroid shots. Because Mr. Guerrier has not shown that his medical conditions have "substantially diminishe[d]" his ability to care for himself in prison and because he has been receiving medical care, he has not shown an extraordinary and compelling circumstance warranting a sentence reduction.

Further still, even if Mr. Guerrier had established an extraordinary and compelling circumstance, the Court would still deny his motion because the section 3553(a) factors weigh heavily against reducing his sentence. As the Court explained at Mr.

4

Guerrier's sentencing hearing, a sentence of 156 months of imprisonment and five years of supervised release "reflect[s] the seriousness of his offense," 18 U.S.C. § 3553(a)(2)(A), as well as the "history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1). Mr. Guerrier's crimes were particularly serious as he "was at the very hub" of a drug conspiracy that caused the small city of Newburgh, New York to "become a city of crime, of despair, [and] of lawlessness." ECF No. 229 ("Sentencing Transcript") at 6, 13. Accordingly, the Court concludes that reducing Mr. Guerrier's sentence would not be consistent with the section 3553(a) factors and declines to disturb it.

III. Conclusion

For the foregoing reasons, Mr. Guerrier's motion for a sentence reduction is denied. The Clerk of Court is respectfully directed to close ECF No. 252.

SO ORDERED.

New York, NY
8/4, 2025

JED S. RAKOFF, U.S.D.J.

5